IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 7, 2011

## ROBERT DONTERIOUS CONNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-D-3081    Steve Dozier, Judge**

**No. M2011-00254-CCA-R3-PC** - Filed July 12, 2012

Petitioner, Robert D. Conner, appeals the post-conviction court's dismissal of his petition for post-conviction relief following an evidentiary hearing. Petitioner attacks his convictions for second degree murder and aggravated assault following a jury trial in which he was charged with first degree murder and aggravated assault. The sole ground for relief argued on appeal is that Petitioner was denied effective assistance of counsel because trial counsel failed to file a written motion pre-trial for the severance of offenses, since the charges involved two different victims and occurred on different days. After a thorough review of the parties' briefs and the record, we affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Court Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for appellant, Robert Donterious Conner.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The facts underlying the convictions can be found in this Court's opinion in the direct appeal, *State v. Robert Donterious Conner*, No. M2007-01619-CCA-R3-CD, 2008 WL 4614449 (Tenn. Crim. App. Oct. 17, 2008) perm. app. denied (Tenn., July 27, 2009).

Petitioner testified at the evidentiary hearing, and no further proof was offered in support of his petition for post-conviction relief. The only witness called to testify by the State was Petitioner's trial counsel. Subsequent to the evidentiary hearing, the post-conviction court entered an order denying relief, which set forth findings of fact and conclusions of law. As to the one ground for relief argued on appeal, the post-conviction court's order states as follows:

> Finally, the petitioner argues that trial counsel failed to file a Motion to Sever the Offenses of Count 1 (First Degree Murder) and Count 3 (Aggravated Assault). While the Court acknowledges that there may be some issue as to whether a severance of the aforementioned counts would have been appropriate if raised, the petitioner has not demonstrated actual prejudice to the defense by clear and convincing evidence. Under Tenn. R. Evid. 404(b)(2),statements made by the victim of Count 1 that dealt with the petitioner's involvement in [ ] the charged Aggravated Assault (Count 3) would have been admissible to establish the motive and identity of petitioner in Count 1. Thus, the Court finds that the [petitioner] has not shown a reasonable probability that the result of the proceeding would have been different if a severance had been granted. The Court finds that the petitioner has failed to prove this allegation by clear and convincing evidence.

No proof was presented at the post-conviction hearing to show that a motion to sever would have been granted had a written motion to sever been filed by trial counsel. Petitioner did not testify about the severance issue during his direct examination at the post-conviction hearing. The only testimony by Petitioner regarding the severance issue was during cross-examination by the Assistant District Attorney General. The following transpired:

| [Assistant District Attorney]: | Okay – the other reason you're asking for a new trial today is because you say your lawyer, [trial counsel], didn't file a motion to sever; is that right? |
|---|---|
| [Petitioner]: | Yes, ma'am. |
| [Assistant District Attorney]: | Do you know what that means? |
| [Petitioner]: | No, ma'am. |

| [Assistant District Attorney]: | So you didn't really want him to do that if you don't know what that is, right? |
|---|---|
| [Petitioner]: | I got somebody helping me on my case. |

Concerning the severance issue trial counsel testified that he believed he presented an oral motion for a severance of offenses for trial, but the request was denied. No testimony was elicited from trial counsel which could show the basis for a motion to sever offenses. Notwithstanding the fact that the post-conviction court mentioned in its order that "there may be some issue as to whether a severance" would have been appropriate, it would be pure speculation for this Court to conclude from the record of the post-conviction proceedings that either (1) trial counsel was deficient by not filing a motion to sever offenses or (2) that prejudice resulted to Petitioner because the severance motion was not filed.

A petitioner in a post-conviction proceeding bears the burden of proving factual allegations (in this case that a motion for severance of offenses would have been meritorious if filed by trial counsel) by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). Petitioner's proof at the post-conviction hearing fell far short of the "clear and convincing" standard. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE